**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JERRY ACOSTA, JR. and MODESTINE SMITH THORPE, individually and on behalf of all persons similarly situated,** | Civil Action No.: |
| Plaintiffs, | Complaint — Class & Collective Action |
| v. | Jury Trial Demanded |
| **ALL AMERICAN HOME CARE, LLC,** | |
| Defendant. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT
## INTRODUCTION

1. Plaintiffs Jerry Acosta, Jr. ("Acosta") and Modestine Smith Thorpe ("Thorpe") (collectively, "Plaintiffs"), through their undersigned counsel, individually and on behalf of all persons similarly situated, file this Class and Collective Action Complaint against All American Home Care, LLC ("Defendant" or "AAHC"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), Pennsylvania, and Philadelphia law. The following allegations are made on personal knowledge as to Plaintiffs and on information and belief as to others.

2. Despite the Pennsylvania Supreme Court's clear ruling in *Bayada Nurses, Inc. v. Dep't of Labor*, 607 Pa. 517 (2010), that third-party home health agencies must pay their home health aides overtime compensation under Pennsylvania law, the Department of Labor's January 1, 2015, revised FLSA regulations, and Philadelphia's new Wage Theft Ordinance, enacted December 1, 2015, AAHC failed to pay Plaintiffs and other home health aides overtime compensation.

## JURISDICTION AND VENUE

3. Jurisdiction over Plaintiffs' FLSA claims are proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 because those claims derive from the same nucleus of operative facts as Plaintiffs' FLSA claim.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiffs' claims occurred within the Eastern District of Pennsylvania ("District") and Defendant conducts business in that District.

## PARTIES

6. Plaintiff Jerry Acosta, Jr. ("Plaintiff" or "Acosta") is an individual currently residing in Philadelphia, Pennsylvania. Plaintiff Acosta worked for AAHC as a home health aide, performing home care support and services to elderly and disabled clients in Philadelphia, Pennsylvania, from approximately February 2017 to the present. Pursuant to 29 U.S.C. § 216(b), he has consented in writing to being a Plaintiff in this action. *See* Exhibit A.

7. Plaintiff Modestine Smith Thorpe ("Plaintiff" or "Thorpe") is an individual currently residing in Philadelphia, Pennsylvania. Plaintiff Thorpe worked for AAHC as a home health aide, performing home care support and services to elderly and disabled clients in Philadelphia, Pennsylvania, from approximately February 2016 to November 2016. Pursuant to 29 U.S.C. § 216(b), she has consented in writing to being a Plaintiff in this action. *See* Exhibit B.

8. Defendant All American Home Care, LLC ("Defendant" or "AAHC"), is a Delaware limited liability company with its headquarters and principal place of business in Philadelphia, Pennsylvania. AAHC is a provider of integrated healthcare services, offering home

care and health services to individuals.

9. AAHC employed Plaintiffs and has employed and continues to employ similarly situated persons.

10. Plaintiffs and similarly situated persons performed work for AAHC in Philadelphia, Pennsylvania.

11. Plaintiffs and similarly situated persons entered into employment contracts with AAHC in Philadelphia, Pennsylvania.

12. AAHC engages in commerce as defined in 29 U.S.C. § 203 and employs individuals engaged in commerce. *See* 29 U.S.C. § 202(a).

13. Throughout the relevant period, AAHC's annual gross volume of business exceeded $500,000.

14. Throughout the relevant period, AAHC has employed a complement greater than the equivalent of ten (10) full-time employees.

## CLASS DEFINITIONS

15. Plaintiffs bring Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of themselves and the following similarly situated persons:

> All persons who were employed by All American Home Care, LLC ("AAHC") as home health aides in the United States between the effective date of the U.S. Department of Labor's Home Care Final Rule, 29 C.F.R. § 552.6, and the present (the "FLSA Class").

16. Plaintiffs bring Counts II, III, and IV of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the following class:

> All persons who were employed by All American Home Care, LLC ("AAHC") as home health aides in Pennsylvania between April 11, 2013[1] and the present (the

---

[1] The statute of limitations on Plaintiffs' unjust enrichment claims under Pennsylvania law is four (4) years. Accordingly, Count IV of the Complaint goes back to April 11, 2013.

"Pennsylvania Class").

17. Plaintiffs bring Count V of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the following class:

> All persons who were employed by All American Home Care, LLC ("AAHC") as home health aides during the applicable limitations period and who worked for AAHC in Philadelphia, Pennsylvania, or whose employment contract with AAHC was made in Philadelphia (the "Philadelphia Class").

18. The FLSA Class, the Pennsylvania Class, and the Philadelphia Class are collectively referred to as the "Classes."

19. Plaintiffs reserve the right to redefine the FLSA Class, the Pennsylvania Class, and the Philadelphia Class prior to notice or class certification, and thereafter, as necessary.

## FACTS

20. AAHC employs home health aides, such as Plaintiffs, to perform a variety of services—including medication management, incontinent care, light housekeeping, bathing, dressing, grooming, ambulation assistance, and meal assistance among other services—to elderly and disabled clients in this District and, upon information and belief, elsewhere in Pennsylvania.

21. AAHC's home health aides are trained employees, and AAHC holds them out to the public as such.

22. From approximately February 2017 to the present, Plaintiff Acosta was employed as a home health aide by AAHC in Philadelphia, Pennsylvania.

23. From approximately February 2016 to November 2016, Plaintiff Thorpe was employed as a home health aide by AAHC in Philadelphia, Pennsylvania.

24. AAHC employed Plaintiffs and Class Members to provide home care support to its elderly and disabled clients.

25. Plaintiffs and Class Members provided domestic services in or about the private

4

homes of AAHC's clients.

26. AAHC is not a householder under 34 P.A. Code § 231.1. Instead, Plaintiffs and Class Members performed work in or about the private dwellings of AAHC's clients for AAHC in AAHC's pursuit of a trade, occupation, profession, enterprise, or vocation.

27. As home health aides, Plaintiffs assisted clients with dressing, personal care, meals preparation, light housekeeping, exercise, and reminding them to take their medications. These activities consistently comprised of more than ninety (90%) percent of Plaintiffs' total hours worked each workweek. Other Class Members performed the same or substantially similar job duties.

28. Plaintiffs and Class Members were paid an hourly rate and AAHC did not properly compensate Plaintiffs and Class Members for hours worked over forty (40) in a workweek.

29. Prior to approximately January 1, 2017, AAHC paid Plaintiff Thorpe and Class Members an hourly rate. Plaintiff was told that her hourly rate was $13.50 per hour and was paid on an hourly basis. Accordingly, her overtime premium rate at one and one-half (1 ½) times her regular rate should have been $20.25 per hour.

30. Instead AAHC paid Plaintiff Thorpe and Class Members at a different hourly rate of pay for each pay period, to ensure that Plaintiff and Class Members' effective rate would be equivalent to receiving straight time pay for all hours worked.

31. For example, Plaintiff Thorpe was paid $10.36 per hour for the pay period of June 12, 2016, through June 25, 2016; $10.06 per hour for the pay period of July 10, 2016, through July 23, 2016; and $10.13 per hour for the pay period of July 24, 2016, through August 6, 2016.

32. For the pay period of July 10, 2016, through July 23, 2016, Plaintiff Thorpe was paid $10.06 per hour for 40 hours, and $15.08 for all hours over 40 in a workweek. However,

5

Plaintiff's actual hourly rate was $13.50 per hour, which meant her overtime premium rate should have been $20.25. As a result, for the pay period of July 10, 2016, through July 23, 2016, Plaintiff was underpaid by $1,174.78.

|  | $10.06 Rate of Pay | $13.50 Rate of Pay | Difference |
|---|---|---|---|
| **40 hours** | $804.80 | $1,080.00 | **$275.20** |
| **Overtime Hours** | $2,623.92 | $3,523.50 | **$899.58** |
| **Total** | $3,428.72 | $4,603.50 | **$1,174.78** |

33. Based on information and belief, beginning in or around January 1, 2017, AAHC began paying Plaintiff Acosta and Class Members straight time for all hours worked without paying any overtime compensation.

34. For example, Plaintiff Acosta was paid straight time at the rate of $13.50 per hour for 112 hours for the pay period of March 5, 2017, through March 18, 2017.

35. Plaintiffs routinely worked and properly submitted timesheets in excess of forty (40) hours per workweek. Similarly, other Class Members routinely worked and properly submitted timesheets in excess of forty (40) hours per workweek.

36. AAHC still did not pay Plaintiffs and Class Members overtime compensation for hours worked over forty (40) per workweek.

37. No good faith dispute or contest exists as to the entitlement of Plaintiffs and Class Members to these wages.

38. In November 2010, the Pennsylvania Supreme Court held that home healthcare providers did not qualify for the domestic service exemption from minimum wage and overtime requirements under Pennsylvania law. *See Bayada Nurses, Inc. v. Dep't of Labor*, 607 Pa. 527 (2010).

39. On October 1, 2013, the U.S. Department of Labor issued the Home Care Final

6

Rule, extending minimum wage and overtime protections under the FLSA to home care workers, like Plaintiffs and Class Members, which became effective on January 1, 2015 ("Final Rule"). The Final Rule was challenged by an association of home care companies and was upheld on August 21, 2015, by the U.S. Court of Appeals for the District of Columbia. *See Home Care Ass'n of Am. v. Weil,* 799 F.3d 1084 (D.C. Cir. 2015), *cert. denied*, 136 S. Ct. 2506 (2016). The Supreme Court declined to stay the effective date of the ruling, and on October 13, 2015, the Court of Appeals reversed the district court's orders. *See* U.S. Dep't. of Labor, Wage and Hour Division, "Important Information Regarding recent Home Care Litigation in the U.S. District Court of D.C.," available at https://www.dol.gov/whd/homecare/litigation.htm.

40. AAHC should have known of the Department of Labor's Home Care Final Rule, as it was widely publicized, including within the industry.

41. As a home health care agency, AAHC was or should have been aware of the *Bayada* decision and AAHC's obligation to pay its home health aides, including Plaintiffs and Pennsylvania Class members, overtime and other proper compensation. Instead, AAHC ignored these obligations and failed to pay overtime and other proper compensation to Plaintiffs and the Pennsylvania Class.

42. Moreover, throughout the entire relevant time period, AAHC was aware that Plaintiffs and other Class members were not properly compensated under Pennsylvania law because Plaintiffs and other Class members' timesheets clearly demonstrated that they routinely worked more than forty (40) hours per workweek but did not receive proper overtime compensation.

43. By not taking actions to pay home health aides overtime in spite of the Final Rule, AAHC has acted willfully and in reckless disregard of the applicable FLSA provisions by failing

to pay overtime with knowledge that such time was compensable.

44. AAHC disregarded Pennsylvania law by failing to properly compensate Plaintiffs and the Pennsylvania Class for hours worked in excess of forty (40) during the workweek.

45. On December 1, 2016, the City of Philadelphia signed into law the Philadelphia Wage Theft Ordinance, 9 Phila. Code § 9-4301, *et seq.* ("PWTO"), to grant further protections to victims of wage theft, include failure to pay overtime wages, by creating a new office of Wage Theft Coordinator and a private right of action. The PWTO went into effect on July 1, 2016. 9 Phila. Code § 9-4310.

46. As a Philadelphia employer, AAHC should have known of this new city ordinance.

47. AAHC knew or should have known about its obligation to pay overtime wages under the PWTO. Instead, AAHC ignored these obligations and failed to pay overtime and other proper compensation to Plaintiffs and the Philadelphia Class.

48. By not taking actions to pay home health aides overtime in spite of the PWTO, AAHC has acted with wanton and willful disregard of the applicable PWTO provisions by failing to pay overtime with knowledge that such time was compensable.

49. Based on information and belief, AAHC continues its practices of failing to pay its home health aides overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

50. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the FLSA Class as defined above.

51. Plaintiffs desire to pursue their FLSA claim on behalf of all individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

52. Plaintiffs and the FLSA Class are "similarly situated" as that term is used in

29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or have worked pursuant to AAHC's common business and payroll practices as described herein, and, as a result of such practices, have not been paid overtime compensation due as described herein. Resolution of this action requires inquiry into common facts, including, *inter alia*, AAHC's common compensation and payroll practices.

53. These similarly situated employees are known to AAHC, readily identifiable, and can be easily located through AAHC's business records.

54. AAHC employs and has employed many FLSA Class members throughout the United States. These similarly situated current and former employees may be readily notified of this action through U.S. mail and/or other reasonable means, and allowed to opt in to this action, pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages, interest, attorney's fees, and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

55. Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves, the Pennsylvania Class, and the Philadelphia Class as defined above.

56. The members of the Pennsylvania and Philadelphia Classes are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Class and of the Philadelphia Class.

57. There are questions of law and fact common to the proposed Pennsylvania Class and proposed Philadelphia Class, which predominate over any questions affecting only individual Pennsylvania Class members and Philadelphia Class members, including, without limitation, whether AAHC has violated and continues to violate Pennsylvania law through its policies and practice of not paying its home health aide employees overtime compensation.

9

58. Plaintiffs' claims are typical of the claims of Pennsylvania and Philadelphia Class members in the following ways, without limitation: (a) Plaintiffs are members of the Pennsylvania and Philadelphia Classes; (b) Plaintiffs' claims arise out of the same policies, practices, and course of conduct that form the basis of the claims of the Pennsylvania and Philadelphia Classes; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the Pennsylvania and Philadelphia Classes and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and other Pennsylvania and Philadelphia Class members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by other Pennsylvania and Philadelphia Class members.

59. Plaintiffs will fairly and adequately represent and protect the interests of the Pennsylvania and Philadelphia Classes because there are no conflicts between the claims of Plaintiffs and those of other Pennsylvania and Philadelphia Class members, and Plaintiffs' claims are typical of the claims of the Pennsylvania and Philadelphia Classes. Plaintiffs' counsel is competent and experienced in litigating class actions and other complex litigation, including wage and hour cases like this one.

60. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania and Philadelphia Classes predominate over any questions affecting only individual Pennsylvania and Philadelphia Class members.

61. Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are expected to be encountered in the management of this class action

that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania and Philadelphia Classes are readily identifiable from AAHC's own employment records. Prosecution of separate actions by individual members of the Pennsylvania and Philadelphia Classes would create the risk of inconsistent and varying adjudications with respect to individual Pennsylvania and Philadelphia Class members that would establish incompatible standards of conduct for AAHC.

62. A class action is superior to other available methods for adjudication of this controversy because, without limitation: (a) joinder of all members is impractical; (b) the amounts at stake for many of the Pennsylvania and Philadelphia Class members, while substantial, are not great enough to enable those Pennsylvania and Philadelphia Class members to maintain separate suits against AAHC; (c) it is desirable to concentrate the litigation of the Pennsylvania and Philadelphia Class members' claims in the Eastern District of Pennsylvania because substantially all of the alleged wrongdoing took place in that District, Defendant's principle place of business is located in that District, and substantially all of the Pennsylvania and Philadelphia Class members reside in that District; and (d) the Pennsylvania and Philadelphia Class members do not have special interests in individually controlling the prosecution of separate actions because the prosecution of Plaintiffs' claims will fairly and adequately protect the interests of the Pennsylvania and Philadelphia Class members and Plaintiffs does not expect the litigation of individualized defenses or theories of recovery.

63. Without a class action, AAHC will retain the benefit of its wrongdoing, which will result in further damages to the Pennsylvania Class and the Philadelphia Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## COUNT I
## Violations of the FLSA
### (On Behalf of Plaintiffs and the FLSA Class)

64. All previous paragraphs are incorporated as though fully set forth herein.

65. The FLSA requires that covered employees be compensated for all hours worked exceeding forty (40) in a workweek at a rate no less than one and one-half (1½) times the regular rate at which they are compensated (the "overtime wage"). *See* 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

66. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d).

67. AAHC is subject to the wage requirements of the FLSA because AAHC is an "employer" under 29 U.S.C. § 203(d).

68. At all relevant times, AAHC was an "employer" engaged in "commerce" within the meaning of the FLSA, 29 U.S.C. § 203, 29 U.S.C. § 202(a), and 29 C.F.R. § 552.100.

69. During all relevant times, Plaintiffs and the FLSA Class were covered employees entitled to the FLSA's above-described protections. *See* 29 U.S.C. § 203(e).

70. From the effective date of the DOL Final Rule, Plaintiffs and the FLSA Class are entitled to be paid overtime wages for hours worked exceeding forty (40) in a workweek pursuant to 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

71. AAHC, pursuant to its policies and practices, failed and refused to pay overtime wages to Plaintiffs and the FLSA Class as required by the FLSA.

72. AAHC knowingly failed to compensate Plaintiffs and the FLSA Class overtime wages in violation of 29 U.S.C. §§ 206 and 207, and 29 C.F.R. § 552.100.

73. In violating the FLSA, AAHC acted willfully and with reckless disregard of clearly applicable FLSA provisions.

74. Pursuant 29 U.S.C. § 216(b), employers, such as AAHC, who fail to pay employee wages in conformance with the FLSA shall be liable to the employee for the overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

**COUNT II**
**Violations of the Pennsylvania Minimum Wage Act**
**(On Behalf of Plaintiffs and the Pennsylvania Class)**

75. All previous paragraphs are incorporated as though fully set forth herein.

76. The Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101 *et seq.* ("PMWA"), requires that covered employees be compensated for all hours worked in excess of forty (40) per workweek at a rate not less than one and one-half (1½) times the regular rate at which they are compensated. *See* 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

77. AAHC is subject to the minimum wage and overtime requirements of the PMWA because AAHC is an employer under 43 P.S. § 333.103(g).

78. During all relevant times, Plaintiffs and the Pennsylvania Class were covered employees entitled to the PMWA's above-described protections. *See* 43 P.S. § 333.103(h).

79. AAHC's compensation scheme applicable to Plaintiffs and the Pennsylvania Class failed to comply with 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

80. AAHC failed to compensate Plaintiffs and the Pennsylvania Class at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) per workweek, in violation of 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

81. Pursuant 43 P.S. § 333.113, employers, such as AAHC, who fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the unpaid wages, and court costs and attorneys' fees incurred in recovering those unpaid wages.

# COUNT III
## Violations of the Pennsylvania Wage Payment and Collection Law
### (On Behalf of Plaintiffs and the Pennsylvania Class)

82. All previous paragraphs are incorporated as though fully set forth herein.

83. The Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1 *et seq.* ("PWPCL"), requires that employers pay covered employees all wages due, including overtime wages. *See* 43 P.S. § 260.3(a).

84. AAHC is subject to the wage payment requirements of the PWPCL because AAHC is an "employer" under 43 P.S. § 260.2(a).

85. During all relevant times, Plaintiffs and the Pennsylvania Class were covered employees entitled to the PWPCL's above-described protections.

86. AAHC failed to compensate Plaintiffs and the Pennsylvania Class overtime for hours worked more than forty (40) in a workweek, in violation of Pennsylvania Code, 43 P.S. § 260.3.

87. AAHC is not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiffs and the Pennsylvania Class' wages that concern this lawsuit

88. AAHC does not have written authorization from any Plaintiffs or Pennsylvania Class Member to withhold, divert or deduct any portion of his or her wages that concern this lawsuit.

89. Pursuant 43 P.S. §§ 260.9(a) and 260.10, employers, such as AAHC, who fail to pay an employee wages in conformance with the PWPCL shall be liable to the employee for the unpaid wages, liquidated damages, and reasonable attorneys' fees incurred in recovering the

unpaid wages.

90. AAHC is in violation of Pennsylvania law by failing to pay Plaintiffs and the Pennsylvania Class for all compensable time and by failing to pay Plaintiffs and the Pennsylvania Class for work time, including overtime, at the established rate.

## COUNT IV
## Unjust Enrichment
## (On Behalf of Plaintiffs and the Pennsylvania Class)

91. All previous paragraphs are incorporated as though fully set forth herein.

92. AAHC has received and benefited from the uncompensated labors of Plaintiffs and the Pennsylvania Class such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

93. At all relevant times, AAHC devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiffs and the Pennsylvania Class without properly paying compensation for overtime.

94. Contrary to all good faith and fair dealing, AAHC induced Plaintiffs and the Pennsylvania Class to perform work while failing to properly compensate them for all hours worked as required by law, including overtime hours.

95. By reason of having secured the work and efforts of Plaintiffs and the Pennsylvania Class without proper compensation as required by law, AAHC enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiffs and the Pennsylvania Class. AAHC retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

96. Accordingly, Plaintiffs and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by AAHC.

# COUNT V
## Violations of the Philadelphia Wage Theft Ordinance
### (On Behalf of Plaintiffs and the Philadelphia Class)

97. All previous paragraphs are incorporated as though fully set forth herein.

98. The Philadelphia Wage Theft Ordinance, 9 Phila. Code §§ 9-4301, *et seq.* ("PWTO"), requires employers to comply with Pennsylvania and federal laws regulating the payment of wages, including overtime wages. *See* 9 Phila. Code § 9-4301.

99. The PWTO is a lawfully enacted ordinance and exercise of power of a city of the first class under the Home Rule Act, 53 P.S. § 13131. *See Commonwealth. v. Cabell*, 185 A.2d 611 (Pa. Commw. Ct. 1962).

100. AAHC is subject to the wage payment requirements of the PWTO because AAHC is an "employer" under 9 Phila. Code § 9-4301.

101. During all relevant times, Plaintiffs were "employees" under the PWTO. *See* 9 Phila. Code § 9-4301.

102. For all relevant times, Plaintiffs are an "Authorized Organization" under 9 Phila. Code § 9-4301 because Plaintiffs is acting on behalf similarly situated employees to whom overtime wages are due.

103. Plaintiffs may bring this PWTO claim on behalf of the Philadelphia Class because Plaintiffs is an Authorized Organization. 9 Phila. Code § 9-4305(1).

104. During all relevant times, Plaintiffs and the Philadelphia Class were covered employees entitled to the PWTO's above-described protections.

105. AAHC failed to compensate Plaintiffs and the Philadelphia Class overtime wages for hours worked more than forty (40) in a workweek, in violation of the PWTO. 9 Phila. Code § 9-4301.

106. No good faith contest exists as to the wages owed to Plaintiffs and the Philadelphia Class by AAHC.

107. AAHC's violations of the PWTO are willful and wanton.

108. Pursuant to 9 Phila. Code §§ 9-4305(1) and 9-4307, employers, such as AAHC, who fail to pay an employee wages in conformance with the PWTO shall be liable to the employee for the unpaid wages due, costs, reasonable attorneys' fees, and penalties.

109. AAHC is in violation of the PWTO by failing to pay Plaintiffs and the Philadelphia Class for all compensable time and for overtime wages due.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

a. An order certifying this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

c. An order certifying this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Pennsylvania Class;

d. An order certifying this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Philadelphia Class;

e. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

f. Liquidated damages and penalties to the fullest extent permitted under the law;

g. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

h. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

Dated: April 11, 2017

Respectfully submitted,

Ricdrd M. Simins  (PA 57754)
Jackson E. Warren (PA 321263)
MONTGOMERY McCRACKEN
WALKER & RHOADS LLP
123 South Broad Street
Philadelphia, PA 19109
Telephone: (215) 772-1500
Facsimile: (215) 772-7407
rsimins@mmwr.com
jwarren@mmwr.com

Sarah R. Schalman-Bergen (PA 206211)
Camille Fundora (PA 312533)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
sschalman-bergen@bm.net
cfundora@bm.net

*Attorneys for Plaintiffs and the Proposed Classes*